BEALS v. EVANS, (TREASURER OF AMADOR COUNTY.)

A county may assign and transfer a warrant drawn in its favor by another county on its treasurer, so as to invest the holder with the right to demand payment thereon.

It was not intended by the provisions of the ninth section of the Act of 1855, " to create a board of supervisors in the counties of this State, and to define their duties and powers," which requires the property belonging to the county to be sold at public auction, that this provision should apply to *choses in action.*

Nor was it the intention of the Legislature, by the provisions of the ninth section of the Act of April 27, 1855, " to provide for the ascertainment of the indebtedness of Calaveras county, prior to the organization of Amador county ; and to provide for the payment of that portion due from Amador county to the county of Calaveras," or by the general laws on the subject of payment of the indebtedness of counties, that the whole special fund raised by that act should remain with the treasurer until all of it should be needed for the payment of that indebtedness in one sum.

Payment may be demanded of the treasurer of Amador county, by the holders of warrants issued in pursuance of that act, at any time when there are funds in the hands of the treasurer to meet the same, and a receipt, and corresponding credit endorsed on the warrant, will be sufficient to protect the county and the officer making the payment.

APPEAL from the District Court of the Fifth Judicial District, County of Amador.

Application to the Court below for a *mandamus.* The facts appear in the opinion of the Court.

*Robinson, Beatty, and Heacock,* for Appellant.

*Smith and Hardy* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was a proceeding by the relator Beals, claiming that he is the assignee of the county of Calaveras, of a debt evidenced by a warrant for $26,517 32. This claim was for the amount of indebtedness due from the county of Amador to Calaveras county, as ascertained by the commissioners appointed for that purpose, and to be paid out of a fund created under an act of the Legislature, approved April 27, 1855, "to provide for the ascertainment of the indebtedness of Calaveras county prior to the organization of Amador county, and to provide for the payment of that portion due from Amador county to Calaveras county." The petitioner states further, that he demanded payment of this sum which was refused; and that, at the time of the demand, there was in the treasury of Amador county $14,000, set apart under the aforesaid act of April, 1855, subject to the payment of the warrant. It appears that the warrant was assigned by Calaveras county to plaintiff on a consideration equivalent to so much money.

There are some other averments in the petition, which is not very artificially drawn; but these do not, as they are stated, amount to anything upon which an issue could be taken.

The case was tried before the Judge of the Fifth District, who found the facts alleged in the petition to be true, but dismissed the proceeding. From this order, the appeal is taken.

It is objected by the respondents that the relator has no title to the warrant, because the county could only sell its property at public auction, after notice, etc. But this provision has no application to such a case as this. The act never intended to provide for the sale of the choses in action of a county, at public outcry. And we do not find any restriction on the power of a county to exchange its credits for its debts, or for money, if it so desires, and can find any one to contract with it on these terms. If the county of Calaveras is satisfied with this arrangement, we do not see that Amador has any right to complain.

The next and more serious objection to giving the relator the relief he seeks for the $14,000, is founded on the ninth section of the act of 1855. (Acts 1855, p. 167.) That section is as follows:

" The board of supervisors of Amador county are hereby authorized and required to assess a special tax of thirty cents on the hundred dollars on all taxable property of said county, to create a 'Sinking Fund' for the liquidation of said debt; said tax to be collected at the time and in the same manner as other county taxes; and said supervisors are required to set apart from the 'General Fund' of said county a sum which, added to the 'Special Fund,' shall be equal in amount to the one-half of the entire 'General Fund' of said county; which 'fund' the Treasurer of Amador county is required to set apart and reserve for the payment of said indebtedness of Amador county to Calaveras county, when ascertained in the manner above prescribed; which said 'fund' shall continue until said indebtedness be declared, and until an amount equal to said indebtedness shall be set apart and reserved by said treasurer, as aforesaid."

It is contended that, under this section, taken in connection with the general law on the subject of payment of the indebtedness of counties, no part of the sum collected of this special fund can be demanded until the whole amount is paid into the county treasury. We think this is a forced construction of this statute. The fund is a special fund, to be collected for the express purpose of paying this debt, and to be held as a trust-fund for this exclusive object. No use can be made of it as it lies in the treasury. It is so much dead capital. It was contemplated that it should gradually accumulate, or, at least, it was not expected to be paid in for a considerable period after the act passed for raising it. It can scarcely, therefore, be supposed to have been the intention of the Legislature to permit the fund to be idle while the debt was drawing interest, when it was for the benefit of both payor and

payee that it should be paid off as soon as possible.    This warrant is larger in amount than it is usual for such securities to be, and to pay it in instalments, or piecemeal, would not, therefore, be attended with the trouble of paying small warrants in parcels.

Nor do *the words* relied on in the ninth section justify this construction of respondent.    There is nothing in the language "the creation of which said fund shall continue until said indebtedness be declared, and until an amount equal to said indebtedness shall be set apart and reserved by said treasurer as aforesaid," which requires the fund to remain with the treasurer until the whole of it is needed for the payment of the indebtedness in one sum.

According to the argument combated, the county of Amador might fail to collect any more of this money, or the officers might fail to account for it or place it in the treasury, and this be given as an answer to the demand to pay over what is already in hand.

But little force is due to the suggestion that, unless payment be reserved until the county treasurer of Amador can take up the warrant by paying it in full, he can not get a sufficient voucher.    We see no difficulty on this score.    A receipt, and corresponding credit endorsed on the warrant, will be sufficient to protect the county and the officer making the payment.

For these reasons, the judgment of the Court below is reversed, and cause remanded for a judgment upon the finding, in pursuance of this opinion.